**Opinion filed September 29, 2022**



## In The

# Eleventh Court of Appeals

_____

## No. 11-22-00241-CR

_____

## DILLAN KAYDE HOLMES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 118th District Court**

**Howard County, Texas**

**Trial Court Cause No. 15693**

### M E M O R A N D U M   O P I N I O N

Dillan Kayde Holmes, Appellant, pled guilty in 2019 to the offense of murder, and the trial court assessed his punishment at imprisonment for forty years. Appellant has recently filed a notice of appeal. Because Appellant did not timely file a notice of appeal, we must dismiss the appeal.

Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed or suspended in open court or (2) if the defendant timely files a motion for new trial,

within ninety days after the date that sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a). A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this appeal indicate that Appellant's sentence was imposed on November 13, 2019, and that Appellant's notice of appeal was filed with the clerk of the trial court on August 25, 2022—well over two years after his sentence was imposed. The notice of appeal was therefore untimely.

Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain an appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993). Because the notice of appeal was not timely filed, we have no jurisdiction over this appeal and must dismiss it. *See Slaton*, 981 S.W.2d at 210.

When the appeal was docketed in this court, we notified Appellant that the notice of appeal appeared to be untimely, and we informed him that this appeal may be dismissed for want of jurisdiction. We requested that Appellant file a response showing grounds upon which this appeal could continue. Appellant has filed a response, but he has not provided this court with any grounds upon which this appeal may continue.

Accordingly, we dismiss this appeal for want of jurisdiction.


PER CURIAM

September 29, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.